IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ADINA MCCOLLOUGH, individually and on behalf of all others similarly situated, | ) ) ) ) **Jury Trial Demanded** |
| Plaintiff, | ) ) |
| v. | ) No. 16-cv-3777 |
| SMARTE CARTE, INC., | ) ) ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff Adina McCollough, individually and on behalf of all others similarly situated, by and through her attorneys, and upon personal knowledge as to facts known to Plaintiff and otherwise upon information and belief following investigation of counsel, alleges as follows against Defendant Smarte Carte, Inc. ("Smarte Carte" or "Defendant"):

## INTRODUCTION

1. Smarte Carte owns and operates electronic lockers, luggage carts, commercial strollers, and massage chairs which it provides for rent and/or use to consumers at public places, such as airports, train stations, and shopping malls, for a fee.

2. Smarte Carte functions under a concession business model. Smarte Carte owns and operates the equipment, makes its equipment available for consumer use at such properties, and pays the owner of the property a portion of the fees collected from the consumer.

3. Smarte Carte has introduced electronic lockers in Illinois that scan, collect, and record the renter's fingerprint at the time of rental and makes one's fingerprint their "key" to later unlock the locker, as a subsequent scan of the same fingerprint will then unlock the locker.

4. Smarte Carte scans its locker customers' fingerprints; obtains, collects, records and

stores "biometric" identifiers and information gleaned from the fingerprint; and then stores that data.

5. Smarte Carte's fingerprint scanning lockers increase Smarte Carte's revenues by eliminating the cost of producing and maintaining traditional physical locker keys, and associated labor costs.

6. Smarte Carte's fingerprinting of customers in Illinois is unlawful, in that it violates numerous provisions of the Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*. ("BIPA"), an Illinois statute specifically dedicated to protect consumer privacy of biometric markers and information used by finger-scan technologies.

7. There is no realistic way, absent surgery, to reassign someone's biometric data. A person can obtain a new social security number, but not a new fingerprint, which makes the protection of, and control over, biometric data particularly important – especially given the increasing use of biometric information or identifiers in the stream of commerce and financial transactions.

8. The State of Illinois thus takes the privacy of biometric data seriously. Illinois law obligates Smarte Carte to obtain written consent to collect and store biometric identifiers like a fingerprint, and biometric information derived from it.

9. Illinois law obligates Smarte Carte to inform its customers in writing that a biometric identifier or biometric information is being collected or stored.

10. Illinois law obligates Smarte Carte to tell its customers in writing how long it will store their biometric fingerprint data or information.

11. Illinois law obligates Smarte Carte to make publicly available a written policy disclosing when it will permanently destroy such information.

12. Smarte Carte fingerprinted customers renting its lockers in Illinois, including Plaintiff, without properly obtaining written consent and without making the required disclosures concerning the collection, storage, use, or destruction of biometric identifiers or information.

13. Plaintiff seeks injunctive relief, statutory damages and restitution for herself, and for others similarly situated in the State of Illinois, for Smarte Carte's violation of the BIPA and unjust enrichment.

## PARTIES, JURISDICTION, AND VENUE

14. Defendant is a corporation organized under the laws of the State of Minnesota and has its principal offices in White Bear Lake, Minnesota.

15. Plaintiff is a citizen of the State of Illinois and resides in this judicial District.

16. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d)(2). Based on the total value of the claims of Plaintiff and the other Class members, the total amount in controversy in this case exceeds $5,000,000.

17. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant regularly does business in this judicial District, and/or, as set forth below, a substantial part of the events or omissions giving rise to Plaintiff's claims arose in this District.

## FACTUAL ALLEGATIONS

18. Smarte Carte owns and/or operates electronic lockers that scan customer's fingerprints in Illinois, including lockers located within Union Station in Chicago, Illinois.

19. At relevant times, including at least as far back as 2008, Smarte Carte has implemented a biometric fingerprint scanning and identification process for the rental of lockers in Illinois, including those located at Union Station.

20. As part of the locker rental process, Smarte Carte caused biometric identifiers

3

and/or information[1] from customers' fingerprints to be recorded, collected and stored at relevant times.

21. In order to rent one of Smarte Carte's lockers at issue, customers go through the following process: 1) a touchscreen display in the center of the bank of lockers ask if one wants to rent a locker or open one already rented; 2) upon selecting "rent", the screen then prompts the customer to select the size of locker they wish to rent; 3) next the screen prompts the customer to select the length of time which they wish to rent the locker; 4) the customer is next instructed to insert cash or a credit card to pay for the rental; 5) the customer is then instructed to place their finger on a fingerprint scanner below the touchscreen, which scans the customers fingerprint and displays it on the screen; 6) and finally the screen informs the customer which locker number is theirs and the locker system unlocks that locker for the customer to use.

22. After placing their belongings in the locker, the customers close the locker door and the locker automatically locks itself.

23. When the customer subsequently returns to the locker and wishes to retrieve her belongings, the customer approaches the touchscreen and goes through the following process: 1) selects on the touchscreen that they want to unlock a rented locker; 2) the screen prompts the customer to place the finger they previously had scanned on the fingerprint scanner; 3) the fingerprint scanner then scan the fingerprint and displays the scanned fingerprint on the screen; 4) the locker unlocks and the screen informs the customer to go to their locker and remove their items; and 5) after the customer removes their items from the locker and closes the door, the locker locks.

24. At no point does Smart Carte obtain customers' written consent to the recording,

---

[1] "Biometric identifiers and information" refer to "biometric identifiers" and/or "biometric information" within the meaning of BIPA, 740 ILCS § 14/10.

collection, obtainment or storage of their biometric identifier and biometric information derived from it.

25. At no point does Smart Carte inform its customers in writing that a biometric identifier or biometric information is being recorded, obtained, collected or stored.

26. At no point does Smart Carte tell its customers in writing the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used.

27. Plaintiff used and paid for Smarte Carte's electronic fingerprint scanning lockers, located at Union Station in Chicago, Illinois, five times in the past year when she would travel by train from Union Station to visit family out of town. Plaintiff's use of Smarte Carte's electronic fingerprint scanning lockers, and corresponding recording, collection, or storage of her biometric identifiers and information by Smarte Carte in conjunction with the use of the locker occurred during the 2015 Memorial Day holiday, the 2015 Fourth of July holiday, late July of 2015, the 2015 Labor Day holiday, and the 2015 Thanksgiving Holiday.

28. When Plaintiff used and paid for Smarte Carte's electronic fingerprint scanning lockers, she underwent the process described above, whereby Smarte Carte collected, captured, and otherwise obtained Plaintiff's fingerprint and/or data derived from it.

29. At no point did Smart Carte attempt to obtain, or actually obtain, Plaintiff's written consent to the recording, collection or storage of her biometric identifiers and biometric information derived from it.

30. At no point did Smart Carte inform Plaintiff in writing (or in any other way) that her biometric identifiers or biometric information was being recorded, collected or stored.

31. At no point did Smart Carte inform Plaintiff in writing (or in any other way) of any

5

specific purposes and length of term for which her biometric identifiers or biometric information was being collected, stored, and used.

32.     Plaintiff never consented in writing to the collection, storage, use, sale, lease, dissemination, disclosure, redisclosure, or trade of, or for Smarte Carte to otherwise profit from, Plaintiff's fingerprint or associated biometric identifiers and information.

33.     Smarte Carte has retained Plaintiff's biometric identifiers and/or information, but did not obtain a written release to get it, has not publicly disclosed its retention schedule and guidelines for permanently destroying biometric identifiers and information, has not disclosed that a biometric identifier and information is being collected or stored, and has not disclosed the specific purpose and length of term for which biometric identifiers and information are being collected, stored, and used.

34.     Smarte Carte, on information and belief, has no written policy, made available to the public, that discloses its retention schedule and or guidelines for retaining and then permanently destroying biometric identifiers and information.

35.     Smarte Carte is in the business of providing locker rental services on a mass scale; therefore its policies and practices apply to all customers who have their fingerprint taken in connection with a locker rental.

36.     Smarte Carte's use of biometric identifiers and information benefits Smarte Carte. It reduces labor and operating cost in connection with its lockers compared to lockers with a physical key.

**CLASS ALLEGATIONS**

37.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following Class:

6

> All users of Smarte Carte's lockers fingerprinted by Smarte Carte in the State of Illinois.

Excluded from the Class are Defendant's officers, directors, and employees, Plaintiff's counsel, and any member of the judiciary presiding over this action.[2]

38. Plaintiff reasonably believes that the Class includes at least thousands of members, making joinder of all members of the Class impracticable.

39. Plaintiff's claims are typical of the claims of other Class members.

40. Questions of fact or law are common to the Class, predominate over any questions affecting only individual members, and frame issues for class-wide adjudication, including, by way of example, as follows:

> a. Did Smarte Carte have a practice of collecting or capturing Class members' biometric identifiers or information;
>
> b. Did Smarte Carte develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Smarte Carte, whichever occurs first;
>
> c. Did Smarte Carte provide a writing disclosing to the fingerprinted customer or his legally authorized representative that biometric identifiers and information are being collected or stored;

---

[2] Plaintiff reserves the right to amend the class definition or allege a Subclass as appropriate or pursuant to discovery.

    d. Did Smarte Carte provide a writing disclosing to the fingerprinted customer or his legally authorized representative the specific purpose and length of term for which the biometric identifier and information is being collected, stored, and used;

    e. Did Smarte Carte receive a written release executed by the fingerprinted customer of the biometric identifier and information or his legally authorized representative, before collecting or capturing the biometric identifier or biometric information;

    f. Does Smarte Carte's conduct violate BIPA, 740 ILCS § 14/15(a);

    g. Does Smarte Carte's conduct violate BIPA, 740 ILCS § 14/15(b)(1);

    h. Does Smarte Carte's conduct violate BIPA, 740 ILCS § 14/15(b)(2);

    i. Does Smarte Carte's conduct violate BIPA, 740 ILCS § 14/15(b)(3);

    j. Are Plaintiff and the Class entitled to injunctive relief; and

    k. Has Defendant been unjustly enriched by its conduct;

41. Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to said Class members; and Plaintiff has retained counsel experienced in class action litigation.

42. A class action provides a superior and manageable method for fairly and efficiently adjudicating this controversy because, among other things, addressing the common issues in one action will aid judicial administration and many members of the Class cannot feasibly vindicate their rights by individual suit because the monetary value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant.

## CAUSES OF ACTION

43. The facts and following causes are pleaded individually and on behalf of others similarly situated, and in the alternative to the extent permitted or required by applicable law.

## COUNT I

### VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
**(Damages)**

44. Plaintiff repeats and re-alleges the preceding allegations as though fully set forth herein.

45. BIPA is a remedial statute designed to protect consumer privacy by requiring consent and disclosures associated with the handling of biometric identifiers and information, and particularly in the context of fingerprint technology. 740 ILCS §§ 14/5(g), 14/10.

46. Codified in the statute is the Illinois Legislature's recognition of the importance of the public policy underpinning its enactment. *E.g.*, 740 ILCS § 14/5(a), (c), (g).

47. Smarte Carte's acts and omissions, at relevant times, have occurred in the course of trade or commerce in the State of Illinois. Smarte Carte is or has been "private entity" in possession of Plaintiff's and other Class members' biometric identifiers or information, and it collected and captured the biometric identifiers and information, within the meaning of the Act as set forth more fully above.

48. As more fully set forth above, at relevant times Smarte Carte recorded, collected, and stored Plaintiff's and other Class members' "biometric information", based on "biometric identifiers" used to identify them, through the use of fingerprint technology and as defined by BIPA. 740 ILCS § 14/10.

49. Section 14/15(a) of the BIPA provides:

A private entity in possession of biometric identifiers or biometric information must

9

develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

50. In violation of Section 14/15(a), Smarte Carte failed to make such a written policy publicly available to Plaintiff and other Class members.

51. Section 14/15(b) of the BIPA provides that:

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

52. In violation of Section 14/15(b), Smarte Carte has collected, captured, stored or obtained Plaintiff's and other Class members' biometric identifiers and biometric information, without:

    (i)    informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, that the biometric identifiers or biometric information were being recorded, obtained, collected or stored;

    (ii)    informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, of the specific purpose and length of term for which the biometric identifiers or biometric information were being collected, stored, and used;

10

and

(iii) receiving a written release executed by Plaintiff and the Class (including, where applicable, their legal authorized representatives).

53. Smarte Carte fingerprinted Plaintiff and other Class members, and knowingly caused their biometric identifiers and information to be collected and stored, without obtaining the required written consent, without making the required written disclosures, and without making publicly available the required policy that explains, for example, any purposes for which the biometric identifiers and information were collected, a retention schedule, and guidelines for permanently destroying biometric identifiers and information.

54. Smarte Carte's above-described conduct is negligent and reckless.

55. As a result of Smarte Carte's conduct, Plaintiff and the Class have been damaged in violation of the BIPA, and are entitled to applicable damages available under BIPA.

## COUNT II

### VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
### (Injunctive Relief)

56. Plaintiff repeats and re-alleges the preceding allegations as though fully set forth herein.

57. BIPA provides for injunctive relief. 740 ILCS § 14/20(4).

58. Plaintiff and other Class members are entitled to an order requiring Smarte Carte to make disclosures consistent with the Act and enjoining further unlawful conduct.

59. First, Plaintiff seeks an order requiring Smarte Carte to publicly disclose a written policy establishing any specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used, as well as guidelines for permanently

destroying biometric identifiers and information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first, as required by 740 ILCS § 14/15(a).

60. Second, Plaintiff is entitled to an order requiring Smarte Carte to disclose whether Smarte Carte has retained Plaintiff's biometric identifiers and information and if and when Plaintiff's biometric information was permanently destroyed, consistent with BIPA. Putative Class members are similarly entitled to such relief.

61. Third, due to the above-described facts, and Smarte Carte's failure to make publicly available facts demonstrating BIPA compliance as BIPA requires, Smarte Carte should be ordered to: (i) disclose if it has sold, leased, traded, otherwise profited from, or disseminated fingerprinted customers' biometric identifiers and information, which is strictly prohibited under BIPA; and (ii) disclose the standard of care that it employed to store, transmit, and protect the biometric identifiers or biometric information, as provided under BIPA. 740 ILCS § 14/15(c), (d), (e).

62. Fourth, Smarte Carte should be enjoined from further BIPA non-compliance.

63. Plaintiff and other Class members' legal interests are adverse to Smarte Carte. There is a substantial controversy between Plaintiff and Smarte Carte warranting equitable relief so that Plaintiff and the Class may obtain the protections that BIPA entitles them to receive.

64. Plaintiff and the Class do not know what Smarte Carte has done (or intends to do) with their biometric identifiers and information. Absent injunctive relief, Smarte Carte is likely to continue its BIPA non-compliance and Plaintiff and other Class members will continue to be in the dark on the subject.

65. For the reasons set forth above, Plaintiff is likely to succeed on the merits of her claims.

66. BIPA establishes the importance, value, and sensitive nature of biometric identifiers and information, along with the need to protect and control it. Plaintiff is entitled to know what Smarte Carte has done with it as set forth above, and to an affirmation that it has been permanently destroyed as required by 740 ILCS § 14/15(a).

67. The gravity of the harm to Plaintiff and the Class absent equitable relief outweighs any harm to Smarte Carte if such relief is granted.

68. As a result, Plaintiff requests commensurate injunctive relief.

## COUNT III

## UNJUST ENRICHMENT

69. Plaintiff repeats and re-alleges the preceding allegations as though fully set forth herein.

70. Smarte Carte received monies from customers using its fingerprint scanning lockers.

71. Customers of Smarte Carte, to their detriment, have conferred benefits on Smarte Carte by purchasing the use of Smarte Carte's fingerprint scanning lockers from Smarte Carte and in the process providing Smarte Carte with their biometric identifiers and information.

72. Smarte Carte's retention of monies from sales to Plaintiff and the Class violates fundamental principles of justice, equity, and good conscience.

73. Accordingly, Plaintiff seeks, for herself and the Class, restitution of monies that Smarte Carte received from such sales and purchases.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a. Certify the Class, and designate Plaintiff as Class representative and her counsel as Class counsel;

b. Find that Defendant has violated applicable law as set forth above;

c. Award all damages available to Plaintiff and the Class under applicable law, including statutory damages;

d. Award restitution of monies Defendant received from sales and/or rental of Defendant's products or services to Plaintiff and the Class at times when Defendant conducted fingerprint scans;

e. Provide commensurate injunctive relief for Plaintiff and the Class, as set forth above; and

f. Award reasonable attorney's fees and costs.

**JURY DEMAND**

Plaintiff demands a trial by jury as to all matters so triable.

Respectfully submitted,

Adina McCollough, individually and on behalf of all others similarly situated

By: /s/ Mark A. Bulgarelli, Esq.
One of Plaintiff's Counsel

Ilan Chorowsky, Esq.
Mark Bulgarelli, Esq.
PROGRESSIVE LAW GROUP LLC
140 S. Dearborn, Suite 315
Chicago, IL 60603
312-787-2717 (voice)