# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ADINA MCCOLLOUGH, individually and on behalf of all others similarly situated, | Jury Trial Demanded |
| Plaintiff, | No. 16-cv-3777 |
| v. | Hon. Sharon Coleman |
| SMARTE CARTE, INC., | |
| Defendant. | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY DISCOVERY

NOW COMES Plaintiff, individually and on behalf of all others similarly situated, by and through her counsel, and as for her Response to Defendant's Motion to Stay Discovery, states as follows:

## BACKGROUND TO THE MOTION TO STAY

As alleged, Defendant unlawfully collected Plaintiff's biometric information as part of its locker rentals at Union Station, in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, and common law unjust enrichment. BIPA required Defendant to give Plaintiff specific information set out in that statute, and to obtain her *informed* consent, before collecting that information, but Defendant did not comply with any of BIPA's requirements. Defendant has moved to dismiss on grounds of failure to state a claim per Rule 12(b)(6), and on grounds that the Complaint does not allege facts giving rise to Article III standing—a facial challenge per Rule 12(b)(1).

Defendant has not given Plaintiff basic information about the allegations or claims. For example, it has not provided information about its policies or about the biometric information at issue, and about standing-related facts, and it has not given Plaintiff the name of the vendor(s) that supplied it with the biometric technology used to operate its lockers.

Plaintiff has served written discovery, including seven interrogatories, twenty document requests, and requests to admit.[1] The discovery requests seek information relevant to what this case is about – including, for example, basics about the biometric information, policies in effect as required by BIPA, whether disclosures were provided or written consent was obtained as the statute requires, information about the biometric devices used, the identity of non-parties who have relevant information, facts concerning Plaintiff, and information relating to Defendant's standing argument. Defendant does not want to answer any of these questions, but Defendant has relayed that, since the filing of the Complaint, it has removed the biometric devices from its lockers at Union Station, which implicitly concedes that Plaintiff's claims have merit.

The motion to stay fails to satisfy L.R. 37.2, and Defendant did not meet and confer about the motion or the served discovery before filing the motion. For the reasons set forth below, the Court should deny the motion.

## DISCUSSION

A district court has broad discretion over pretrial discovery rulings. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014). A court may, "for good cause," limit the scope of discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations omitted).

The court may, for good cause, issue an order to protect a party or person from annoyance,

---

[1] Plaintiff's numerous requests to admit include minor variations on the same facts and topics, so the number of requests is much broader than the scope of content that the requests to admit cover.

embarrassment, oppression, or undue burden or expense[.]" *United States ex rel. Robinson v. Ind. Univ. Health Inc.*, No. 1:13-cv-02009-TWP-MJD, 2015 U.S. Dist. LEXIS 84642, at *3 (S.D. Ind. June 30, 2015) (internal quotations and citations omitted). *See also Phillips v. Prudential Inc. Co. of Am.,* 2011 U.S. Dist. LEXIS 58818 (S.D. Ill. June 2, 2011) (same holding; denying motion to stay). "To carry its burden, the movant must show that good cause exists for the stay." *United States ex rel. Robinson*, 2015 U.S. Dist. LEXIS 84642, at *3. A Rule 26(c) motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Fed. R. Civ. P. 26(c).

Defendant does not address or meet the above standards, and does not meet its burden to show why a stay of discovery is warranted for good cause. Instead, Defendant makes three supporting points, each of which fails to justify the relief it requests.

First, Defendant claims discovery is improper under L.R. 26.1, because the Court has not held an initial status hearing.[2] However, L.R. 26.1 does not address when discovery can proceed. That local rule addresses the scheduling conference, i.e., the initial status hearing. Defendant conflates that event with the parties' own discovery conference, a different event, also addressed by Fed. R. Civ. P. 26(f), which the parties have already had. The Court's instructions for filing a joint status report on discovery, moreover, requires the parties to report on "the status of discovery" and thus it too does not contemplate a halt to discovery prior to holding a scheduling conference.

Second, Defendant merely implies that the discovery served would cause undue burden or expense, by restating the principle; it does not actually argue that the pending discovery is or would be unduly burdensome or expensive, nor does it explain how, or why. The implication fails to meet Defendant's burden and provides no basis for a stay. *See Friends of the Parks v. Chi. Park Dist.,* No. 14-

---

[2] The Court actually scheduled an initial status hearing for May 20, 2016, but struck it because the parties had appeared before the Court a week before the scheduled initial status hearing to set a briefing schedule on Defendant's Motion to Dismiss. *See* Dkt. #10 and 15.

3

cv-9096, 2015 U.S. Dist. LEXIS 87657, at *4-5 (N.D. Ill. July 6, 2015) (stay denied with Rule 12(b)(1) motion pending, where Defendants did not say what the burdens or expenses are, or how they outweigh the benefits of discovery). Here, discovery would benefit the Plaintiff, as it addresses the meat of her claims, and is further appropriate given that the Rule 12(b)(1) and 12(b)(6) motion mounts facial challenges which rest upon the sufficiency of the facts alleged. Nor is the discovery tendered unduly burdensome as a whole.

In fact, Defendant's binary position on discovery demonstrates that undue burden or expense is not grounds for its motion. Upon review of the motion, Plaintiff contacted Defendant to meet and confer, because, while Defendant did not attempt to meet and confer on the motion or on the pending discovery, exploring agreement to a limited subset of discovery in advance of presentment of the motion to stay would serve all economic interests. Upon conferring, however, Defendant asserted that no discovery, to any degree (*i.e.,* irrespective of undue cost or burden) is warranted, and was thus unwilling to entertain any compromise. This position dispels of any notion that discovery should be stayed on grounds of undue burden or expense, for Defendant declined Plaintiff's invitation to explore proceeding with a limited subset of discovery, however less costly or burdensome.

Third, Defendant argues that the filing of its "dispositive" combined motion to dismiss, including on grounds of standing, justifies a stay. However, a stay of discovery will not be granted just because a dispositive issue, such as standing, is placed before the court. The defendant must persuade the court that a stay of discovery is warranted. *Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exchange,* No. 99 C 3223, 1999 U.S. Dist. LEXIS 14305, at *2-4 (N.D. Ill. Aug. 30, 1999). In *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435 (N.D. Ill. 1996), cited by Defendant, the Court held much the same: "a motion to stay discovery will not be granted every time a potentially dispositive issue is placed before the court…Where the court finds that its interference in the discovery process is unlikely to significantly expedite the litigation, and may actually slow it down, it will decline

to interfere." *Id.* at 437 (citing *Cohn v. Taco Bell Corporation*, 147 F.R.D. 154, 161-162 (N.D. Ill. 1993) (denying motion to stay where the stay would prolong discovery, the success of the motion to dismiss was speculative, and the motion to dismiss would not dispose of the entire case even if successful)); *see also Tamburo v. Dworkin,* No. 04 C 3317, 2010 U.S. Dist. LEXIS 121510, at *4 (N.D. Ill. Nov. 17, 2010) ("one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6).").

Here, the motion gives two grounds for a stay on grounds that its motion to dismiss is pending. Defendant does not, and cannot persuade the Court that these grounds are likely to dictate dismissal or an absence of jurisdiction, and at best amount to speculation, confirming that the motion to stay should be denied.

In particular, Defendant's motion to stay cites *Spokeo, Inc. v. Robins*, 194 L. Ed. 2d 635 (2016) as the basis for no standing and therefore for a stay, but makes no effort to explain how *Spokeo*, as applied here, is anything more than speculative. That case is not analogous to this one, and provides hefty support *for* an injury-in-fact finding. The *Spokeo* Court remanded to consider if the asserted injury was sufficiently concrete, suggesting that the alleged publication of an inaccurate zip code may be less than a concrete injury, under a statute designed, in relevant part, to promote fair hiring practices, where the provision violated was the failure to follow "reasonable procedures" to assure maximum accuracy of a consumer report. Little can be further removed from *Spokeo* in concreteness of an intangible injury than the injury asserted in this case. Here the asserted violations are the opposite of a generic requirement (failure to follow "reasonable procedures"), but rather, highly concrete, specific instructions: BIPA requires the collector of biometric information to obtain informed written consent, and provide specific disclosures with specific facts, before collecting and in order to have permission to collect biometric information, under a statute expressly designed to

regulate the collection of biometric information.  *See* 740 ILCS 14/5, 14/15(a) and (b), 14/20.  *Spokeo's* recitation of prior law – for example, that a bare procedural violation of the statute must meet Article III requirements – provides no fodder for Defendant's argument, for the alleged injuries (the failure to provide information and obtain informed consent that BIPA requires, and the unauthorized collection of Plaintiff's biometrics) *are* concrete.  The Illinois legislature plainly intended to regulate this practice and the alleged injuries, whereas it is questionable whether Congress intended to regulate inaccurate zip codes.

Moreover, in analyzing the federal statute in *Spokeo,* the Court noted, Congress is "well positioned" "to identify intangible harms that meet minimum Article III requirements," even if those harms prove difficult to measure, and to elevate "to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* at 639, 645 (quoting *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 578 (1992).  In considering whether state-created rights confer injury for standing purposes, the Seventh Circuit looks to the state legislature—here, the Illinois General Assembly—for the same guidance, applying standing principles recounted in *Spokeo.  FMC Corp. v. Boesky*, 852 F.2d 981, 993 (7th Cir. 1988).  Finally, as set forth in Plaintiff's response to the pending motion to dismiss, *Spokeo* affirms other Supreme Court cases that find injury-in-fact due to failure to provide information required by a statute—one of the same types of injury alleged here. *Spokeo,* 194 L. Ed. 2d at 640, 646, and 650.  *Spokeo* does not justify a stay.

Defendant also contends that discovery should be stayed because Plaintiff is not "aggrieved," as per its motion to dismiss which asks the Court to impose actual damages.  This too lacks persuasiveness, and is therefore speculative and should not warrant a stay.  No BIPA precedent exists for Defendant's creative contention.  The BIPA right of action provision lets a person aggrieved by a BIPA violation bring suit, and seek liquidated damages allotted by the statute <u>or</u> actual damages.  740 ILCS 14/20.  Defendant's interpretation of "aggrieved" would effectively render the provisions at

issue, 740 ILCS 14/15(a) and (b), and the damages optionality of 740 ILCS 14/20, unenforceable and irrelevant. But nothing in the statute supports such an irrational construction. Moreover, the above-described injuries *are* actual damages; they are simply intangible rather than pecuniary. Thus, the basis of the standing motion does not warrant a discovery hold, and more important, Defendant has not shown that to be the case.

While Defendant does not show a stay is warranted, a stay would prejudice Plaintiff. With a stay, Plaintiff will be denied facts relevant to standing,[3] biometric information at issue, and non-parties—Defendant has declined to disclose the identity of non-parties who would have relevant information and who may be under no obligation to preserve evidence—and a stay would slow the pace and progress of the case.

Defendant has made clear that it has no appetite for proportionality of discovery. Its position is that *no* discovery is warranted until its motion to dismiss is resolved. Meanwhile, Defendant has replaced its biometric devices with non-biometric devices, has not divulged the identity of its biometric vendor(s) (which each raise potential evidentiary considerations), and has not provided particular bare bones information about facts giving rise to and related to the claims or BIPA's requirements. Its motion cites to authority, moreover, which authorizes rather than stays discovery when standing is at issue. "Here, a scheduling order limiting discovery to the standing issue is more likely to slow down the progress of the litigation than to speed it up." *Builders Ass'n of Greater Chicago,* 170 F.R.D. at 437.

---

[3] The principle in *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988), upon which Defendant relies, supports Plaintiff's position, because it demonstrates the appropriateness of discovery for standing purposes: "It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters." *Id.* Here, assuming *arguendo* Defendant's standing argument has merit, Plaintiff's discovery requests seek information relating to what happened to her biometric information, which addresses the type of injury that Defendant (albeit wrongly) argues would be required to allege an injury-in-fact, and thus to defeat the standing argument as Defendant has lodged it. *United States Catholic Conference* addressed whether a nonparty witness may defend against a civil contempt adjudication by challenging the subject matter jurisdiction; it did not address a stay of discovery or non-jurisdictional discovery. *See id.;* Motion at par. 14.

If the Court so requires, pending the outcome of the combined motion to dismiss, Plaintiff is prepared to compromise and work with Defendant to focus on proportional discovery, such as temporarily excluding oral discovery and written requests solely aimed at class certification, or limiting the total number of "live" discovery requests.

## CONCLUSION

In short, Defendant seeks to bypass discovery, and has not shown why a stay is warranted even while the circumstances tell the opposite is true. For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Stay, and provide such other and further relief it deems fit.

Respectfully submitted,

By: /s/ Mark A. Bulgarelli
Ilan Chorowsky, Esq.
Mark A. Bulgarelli, Esq.
PROGRESSIVE LAW GROUP, LLC
140 S. Dearborn Street, Suite 315
Chicago, IL 60603
Tel: (312) 787-2717

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of June 2016, the foregoing Plaintiff's Response to Defendant's Motion to Stay Discovery was filed via the Court's CM/ECF system, which will send electronic notification to the attorneys of record at the e-mail addresses on file with the Court.

By: /s/ Mark A. Bulgarelli
One of the Plaintiff's Attorneys