IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADINA MCCOLLOUGH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMARTE CARTE, INC.,<br><br>Defendant. | No. 16-CV-03777 |

**DEFENDANT SMARTE CARTE, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION TO STAY DISCOVERY
PENDING RULING ON DISPOSITIVE MOTION**

**I.     INTRODUCTION**

The Court should stay discovery pending a ruling on Defendant Smarte Carte, Inc.'s ("Smarte Carte") Rule 12(b)(1) and 12(b)(6) Motion to Dismiss ("Motion to Dismiss"), which is predicated upon two separate grounds. First, Plaintiff Adina McCollough ("Plaintiff") lacks standing under Article III of the U.S. Constitution given that she has not alleged any concrete and particularized harm, or even any threat of possible injury, in the Class Action Complaint. Second, the Illinois Biometric Information Privacy Act does not otherwise confer federal court standing, and Plaintiff fails to allege a viable cause of action thereunder because she has not been "aggrieved" by the alleged technical and bare procedural violation of the statute.

Accordingly, Smarte Carte seeks a short stay of discovery until a ruling on the Motion to Dismiss pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Plaintiff should not be permitted to proceed with discovery in the face of a threshold challenge to subject matter jurisdiction, as well as a substantive challenge to the viability of her claims. Nor should Smarte Carte be required prematurely to spend the time and money associated with responding to

potentially unnecessary, but extensive discovery given that the Motion to Dismiss is dispositive of the entire case if it is granted.

## II. ARGUMENT

Plaintiff opposes a stay on the basis that Smarte Carte has purportedly not shown good cause. Although Plaintiff acknowledges that district courts have discretion to stay discovery pending disposition of a motion to dismiss, Plaintiff contends that Smarte Carte is not entitled to a stay because Smarte Carte "cannot persuade the Court that [the grounds set forth in the Motion to Dismiss] are likely to dictate dismissal or an absence of jurisdiction, and at best amount to speculation, confirming that the Motion to Stay should be denied." (Response at 5.) Plaintiff spends almost three pages arguing the merits of the Motion to Dismiss, which is being separately briefed by the parties and for which she has otherwise sought leave to file a 21-page response brief citing to approximately 90 cases, statutory provisions and secondary authorities.

Contrary to Plaintiff's contention and without arguing the merits of dismissal herein, the *pendency* of the Motion to Dismiss is sufficient good cause to warrant the stay. In granting a motion to stay discovery upon the filing of a motion to dismiss raising qualified immunity arguments, the court in *Bilal v. Wolf* reasoned as follows:

> Numerous cases in this circuit have even allowed stays in the face of a Rule 12(b)(6) challenge. Stays of discovery are not disfavored and are often appropriate where the motion to dismiss can resolve the case-at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or, as here, raises questions of qualified immunity.

2007 WL 1687253, at *1–2 (internal citations omitted). With respect to such threshold issues, including jurisdictional challenges, the court added:

> Indeed, in *Siegert v. Gilley*, 500 U.S. 226 (1991), the Court repeated its caution in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) that "'[u]ntil this threshold immunity question is resolved, discovery should not be allowed.'" Protracted discovery is the "banc of modern litigation." *Rossetto v. Pabst Brewing Cor., Inc.*, 217 F.3d 539, 542 (7th Cir. 2000)

(Posner, J.). It is the often excessive and time-consuming burdens discovery imposes on the resources and energies of litigants that the Supreme Court has made clear ought to be postponed until the threshold question of immunity is resolved.

*Id*. at *2 (internal citations omitted). The same outcome is appropriate here. *See also United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79–80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters.").

Plaintiff also contends that good cause has not been shown because Smarte Carte "does not actually argue that the pending discovery is or would be unduly burdensome or expensive." (Response at 3.) Plaintiff, however, acknowledges that the discovery requests are not limited to narrow issues raised in the Motion to Dismiss. (*Id.* at 2 ("The discovery requests seek information relevant to what this case is about …")). Indeed, Plaintiff served the extensive written discovery just one day prior to seeking leave to file an enlarged response to the Motion to Dismiss. *Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993) ("A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion.") (citing line of cases).

Moreover, as recognized in *Bilal*, it stands to reason that responding to extensive interrogatories, 20 separate document requests and 95 requests for admission is necessarily unduly burdensome and costly when it is possible, if not likely, that the case will be dismissed in its entirety. Moreover, it would be prejudicial to Smarte Carte if it were required to answer 95 requests to admit and the Court thereafter found subject matter jurisdiction lacking, in which case Plaintiff could re-file the case in state court where she would be entitled to only 30 requests under Illinois Supreme Court Rule 216(f). *See also Cataldo v. City of Chicago*, 2002 WL 91903, at *2 (N.D. Ill. Jan. 24, 2002) ("Requiring [defendant] to locate, copy and redact the documents

when there is a legitimate possibility that the case could be dismissed would not be an efficient use of its resources."); *Sprague*, 149 F.R.D. at 578 ("The sole result of such discovery, pending resolution of the [defendant's] motion, would be cost and inconvenience, which would impose an undue burden on the time and resources of the defendant and its agents.").

Plaintiff further contends that a stay is not warranted because Smarte Carte has not "given [her] basic information about the allegations or claims." (Response at 1.) First, it is unclear on what basis Smarte Carte has an obligation to provide such information to Plaintiff at this stage of the case. Indeed, when the Court entered a briefing schedule on the Motion to Dismiss, it struck the previously scheduled initial status hearing [D.E. 15], which continued the time for the parties to exchange initial disclosures until 14 days after the Court conducts the initial status hearing. L.R. 26.1 and FED. R. CIV. P. 26(a)(1)(c). While discovery may proceed in any order, Smarte Carte believes it is prudent for the Court to first rule on the Motion to Dismiss and, if necessary, then conduct the initial status hearing, following which the parties should exchange initial disclosures before proceeding with additional written or oral discovery.

Second, while not obligated to do so, Smarte Carte has informally provided Plaintiff with substantial information concerning its use of finger scanners in Chicago Union Station to enable Plaintiff to assess her claims—including the number of lockers that use the scanners, the manner in which the scanners are used to unlock and access the lockers, payment information and credit/debit card processing via separate pay points, and the number of sales transactions and proceeds from the locker rentals.

Lastly, contrary to Plaintiff's assertion, counsel for the parties met and conferred three separate times regarding the timing of discovery, including during the parties' Rule 26(f) telephone conference on April 28, 2016; in discussing/exchanging drafts of the Joint Status

Report between May 10 through 17, as reflected in the final version of the Report filed on May 17, 2016 [D.E. 16]; and in email exchanges on June 9, 2016 after Plaintiff indicated an intent to serve discovery notwithstanding the disagreement. On each occasion, counsel for Smarte Carte expressed the position that discovery should not proceed until the Court rules on the Motion to Dismiss. Counsel for the parties also met and conferred on June 20, 2016, before presentment of the Motion to Stay, but they were unable to resolve the matter.

### III. CONCLUSION

For all the foregoing reasons, and for the reasons set forth in its Motion to Stay, Smarte Carte respectfully requests the Court to enter an order staying all discovery, including the written discovery previously served by Plaintiff, and other pretrial proceedings in this case until after the Motion to Dismiss has been decided.

Dated: June 27, 2016

Respectively submitted,

SMARTE CARTE, INC.

By: /s/ Joseph A. Strubbe

Joseph A. Strubbe
Frederic T. Knape
VEDDER PRICE P.C.
222 N. LaSalle Street
Chicago, IL 60601-1003
312/609-7500
jstrubbe@vedderprice.com
fknape@vedderprice.com

*Counsel for Smarte Carte, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that the foregoing **Defendant Smarte Carte, Inc.'s Reply Brief in Support of Motion to Stay Discovery Pending Ruling on Dispositive Motion** was electronically filed with the Clerk of Court on June 27, 2016 using the CM/ECF system that will send notification of the filing to all parties of record.

By: /s/ Joseph A. Strubbe