IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADINA MCCOLLOUGH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SMARTE CARTE, INC.,<br><br>Defendant. | No. 16-CV-03777 |

**DEFENDANT SMARTE CARTE, INC.'S REPLY
IN SUPPORT OF RULE 12(b)(1) AND 12(b)(6) MOTION TO DISMISS**

**I.     INTRODUCTION**

In an attempt to avoid dismissal, Plaintiff Adina McCollough ("Plaintiff") would have the Court ignore settled precedent and confer Article III standing based on nothing more than a technical violation of a state data privacy statute. Plaintiff also would have the Court conclude she is "aggrieved" without any injury or risk of harm. Plaintiff voluntarily used a finger scanner to rent a locker at Chicago Union Station from Defendant Smarte Carte, Inc. ("Smarte Carte") five times. It would be incongruous to compensate Plaintiff and others like her—at a price up to $5,000 per violation—simply because certain disclosures were not provided and consent was obtained through the placement of a finger on a device rather than another form. Regardless of Plaintiff's so-called "informational injury," the Supreme Court decision in *Spokeo, Inc. v. Robins* 2016 WL 2842447 (U.S. May 16, 2016) confirms that Plaintiff cannot satisfy the injury-in-fact demands of Article III standing by alleging a bare procedural violation of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq.*) ("BIPA" or the "Act"). Nor can she adequately plead a cause of action under BIPA without some actual injury making her an "aggrieved" person under the Act—which Plaintiff has not alleged in this case.

## II. ARGUMENT[1]

### A. <u>Plaintiff Does Not Satisfy the Standing Requirements of Article III</u>

The Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff does not allege an injury in fact separate and apart from a technical violation of BIPA. Both Seventh Circuit and Supreme Court precedent, including the recent decision in *Spokeo*, reject Article III standing where, as here, a plaintiff seeks recovery for a bare procedural violation of a statute, including those involving collection and retention of personally identifiable information. [D.E. 13 at 3–6; D.E. 17 at 1–2.] Plaintiff does not dispute that she suffered no injury or risk of harm. Instead, she mischaracterizes *Spokeo* and relies upon inapplicable legal authority involving rights to information under federal law outside the data privacy context to argue standing for alleged violation of state-created privacy interests. None of these arguments or authority supports Article III standing in this case.

#### 1. <u>Plaintiff's Allegations of a Bare Statutory Violation Are Insufficient to Establish a Concrete Harm under *Spokeo*</u>

The Supreme Court decision in *Spokeo* dictates that Plaintiff lacks standing because the sole basis for subject matter jurisdiction is an alleged statutory violation of BIPA without any concrete harm. Plaintiff attempts to downplay *Spokeo* by asserting that the decision is "not novel" and "has nothing to do with this case." (Resp. at 5–6.) To the contrary, this case presents the very set of circumstances that fall within the holding in *Spokeo*, where the Supreme Court conclusively determined that a consumer like Plaintiff cannot satisfy the injury-in-fact demands of Article III standing by alleging a bare procedural violation of a statute. 2016 WL 2842447, at

---

[1] Plaintiff states that Smarte Carte "[d]oes not deny it violated BIPA" and has "virtually admitted the material facts alleged that establish the BIPA violations." (Resp. at 3–4.) Nothing is further from the truth, and the statements seem intended to distract from Plaintiff's lack of a concrete injury and the legal insufficiency of her claims. Indeed, Smarte Carte must accept well-pled allegations for purposes of a Rule 12 motion and has yet to file an answer to the Complaint (and, if it becomes necessary, will certainly deny any violation of BIPA). [*See also* D.E. 13 at 2 n1.]

*7 ("Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.").

Plaintiff also misconstrues *Spokeo* by claiming that the decision "reaffirmed" the notion that "harm to a concrete interest establishes injury in fact" without need to allege actual harm "beyond the invasion of a statutorily created right." (Resp. at 6.) This statement is inaccurate, as the Supreme Court stated just the opposite:

> [A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it. Article III standing requires a concrete injury even in the context of a statutory violation.

2016 WL 2842447, at *7. As the Supreme Court explained, even though requirements of the Fair Credit Reporting Act are designed "to curb the dissemination of false information, a violation of one of the [statute's] procedural requirements may result in no [concrete] harm." *Id*. at *8. That is so even though Congress found in enacting the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). The same reasoning applies in this case in that Article III standing does not simply arise whenever a statute grants a person a statutory right and purports to authorize suit to vindicate it.

Plaintiff attempts to distance herself from *Spokeo* by contending that BIPA does not require an injury, and suggesting that the Act's written consent and notice requirements are not mere technical violations because they are important provisions that serve as conditions to the collection of biometric data. (*See* Resp. at 1–4, 7, 9–14.) First, Plaintiff's contention that BIPA does not require an injury—which Smarte Carte refutes—further confirms that she cannot rely upon a violation of the Act alone to satisfy the demands of Article III. *Hollingsworth v. Perry*,

133 S. Ct. 2652, 2667 (2013) ("[N]o matter its reasons, the fact that a state thinks a private party should have standing to seek relief for a generalized grievance cannot override our settled law to the contrary," and "[s]tates cannot alter that role simply by issuing to private parties who otherwise lack standing a ticket to the federal courthouse.").

In addition, BIPA limits a right of action to "State circuit court or as a *supplemental claim* in federal district court." 740 ILCS 14/20 (emphasis added). Plaintiff does not plead BIPA as a supplemental claim. Just the opposite. The cause of action for unjust enrichment is pled in the alternative and supplemental to the BIPA claims, which Plaintiff concedes. (Resp. at 15.) ("Defendant acknowledges that unjust enrichment is adequately pleaded if the predicate cause of action is adequately pleaded. The predicate cause is the BIPA violation.")

Second, a technical or bare procedural violation of a statute is "one that results in no harm." *Spokeo*, 2016 WL 2842447, at *16 (Ginsburg, J., Sotomayor, J., dissenting). It has no bearing upon the substance or importance of the provision at issue as Plaintiff suggests. Thus, the alleged violation of BIPA's written consent and notice requirements are bare procedural violations because they caused no injury or risk of harm. *Spokeo*, 2016 WL 2842447, at *8 (explaining that statutory notice provisions of FCRA are "procedural requirements" that may result in "bare procedural violation" with no concrete harm); *see also Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 538–39 (7th Cir. 2012) (unlawful retention of personally identifiable information in violation of privacy statute does not alone constitute an injury); *Padilla v. Dish Network LLC*, 2013 WL 3791140, at *3 (N.D. Ill. July 19, 2013) (same).

    **2.**    **BIPA Is a State Law Data Privacy Statute and Plaintiff's Theory of an "Informational Injury" Is without Merit**

Smarte Carte does not dispute that the Supreme Court in *Spokeo* noted that "violation of a procedural right granted by statute can be sufficient *in some circumstances* to constitute injury in

fact." 2016 WL 2842447, at *8 (emphasis added). However, such circumstances are not present here. Indeed, the cases cited in *Spokeo*, as well as relied upon by Plaintiff to support her "informational injury" (Resp. at 5–7), all involved violation of <u>federal statutes</u>:

- *Federal Election Comm'n v. Akins*, 524 U.S. 11, 19–20 (1998) (denial of request for information to which Congress has created a right in the Federal Election Campaign Act of 1971).

- *Public Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989) (denial of request for information that Congress made subject to disclosure under the Federal Advisory Committee Act).

- *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982) (provision of false information in response to request for truthful information concerning availability of housing granted by Congress under the Fair Housing Act).

*Id*. at *8, 14. By contrast, BIPA is a <u>state statute</u>, which Plaintiff glosses over by referencing "legislature" when *Spokeo* specifically made exclusive reference to "Congress" identifying certain intangible rights granted by statute that could be sufficient to "meet minimum Article III requirements." *Id*. at *7–8.

Indeed, the Supreme Court in *Spokeo* gave no indication that state legislatures are entitled to the same deference as Congress for purposes of establishing federal court subject matter jurisdiction. 2016 WL 2842447, at *7–8 ("[B]ecause *Congress* is well positioned to identify intangible harms that meet minimum Article III requirements, its judgment is also instructive and important.") ("*Congress* has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.") (citation omitted) ("In other words, a plaintiff in such a case need not allege any additional harm beyond the one *Congress* has identified.") (emphasis added).

In addition, the facts in the cases relied upon by Plaintiff are readily distinguishable from those in this case. This is not an action involving a group of voters challenging registration and reporting requirements implemented by the Federal Election Commission or public interest

groups suing the U.S. Department of Justice over qualifications of nominees for federal judgeships. *Akins* and *Public Citizen*, *supra*. Nor is this an action challenging racial steering practices in violation of the Fair Housing Act. *Coleman*, *supra*.

This is an action under a state data privacy statute, BIPA, which is designed to protect certain personally identifiable information in connection with biometric-facilitated financial transactions or security screenings. 740 ILCS 14/5. Plaintiff has not cited to a single case holding that a bare procedural violation of a similar (federal or state) data privacy statute alone is sufficient to confer Article III standing. As such, the Court should follow the more recent, analogous and instructive Supreme Court holding in *Spokeo*, the Seventh Circuit decision in *Sterk*, and the ruling by District Court Judge Dow in *Padilla*. Contrary to Plaintiff's contention that these authorities are "off-target" (Resp. at 7–8), each case involved lack of Article III standing or lack of injury for technical violations of data privacy statutes also concerning the collection and retention of personally identifiable information.

That Plaintiff claims she did not receive certain disclosures or provide written consent and that her biometric data was, thereby, unlawfully collected rather than unlawfully retained (as in the cases relied upon by Smarte Carte) is not a material distinction for purposes of demonstrating a concrete injury or lack thereof under Article III. Both sets of circumstances involve an alleged statutory violation exceeding a consumer's knowledge or consent with respect to personally identifiable information, but legal precedent has nevertheless determined that such technical violations are insufficient to satisfy the demands of Article III absent actual injury or risk of real harm. [*See also* D.E. 13 at 3–6; D.E. 17 at 1–2.]

Although Plaintiff argues that courts "routinely hold that the invasion of state-created rights satisfy Article III injury" (Resp. at 8), none of the cases cited by Plaintiff involved a bare procedural violation of a state statute. Moreover, unlike here and consistent with *Spokeo*, the

respective courts in each of the cases made clear that a concrete injury must be established separate and apart from the statutory violation or other alleged misconduct. *See FMC Corp. v. Boesky*, 852 F.2d 981, 989–90 (7th Cir. 1988) (misappropriation and use of confidential business information constituted a "distinct and palpable" injury to create Article III standing for securities law violations); *Cantrell v. City of Long Beach*, 241 F.3d 674, 684 (9th Cir. 2001) (state law may create interests that support standing in federal court when the plaintiffs "establish a direct injury under the more stringent federal requirements [of Article III]").

Finally, there is no indication that the Illinois legislature intended that a bare procedural violation of BIPA should constitute an intangible but concrete injury that would meet the "minimum Article III requirements." *Spokeo*, 2016 WL 2842447, at *7. If anything, the opposite is true by limiting BIPA claims to "State circuit court or as a supplemental claim in federal district court." 740 ILCS 14/20. Nor would any such indication be instructive because "[a] state statute cannot confer Constitutional standing when the plaintiff has not suffered the requisite harm." *Conrad v. Boiron, Inc.*, 2015 WL 7008136, at *2 (N.D. Ill. Nov. 12, 2015) (citing *Hollingsworth* and other cases); *see also Taylor v. West Marine Prods., Inc.*, 2014 WL 1248162, at *2 (N.D. Cal. Mar. 26, 2014) ("But Article III imposes a mandatory standing requirement. A state legislature may relax standing requirements for the state courts, but may not do so for cases heard in federal court.").

### 3. Plaintiff's Final Theory of a Privacy Right Deprivation Is Abstract and Equally Unavailing

Plaintiff's final theory of standing is that a violation of BIPA is similar to "privacy rights [that] have historically been grounds for access to the courts." (Resp. at 6.) To the contrary, Plaintiff has not alleged a privacy right violation that could satisfy Article III because she voluntarily used the finger scanner and does not contend that her biometrics have been

misappropriated or otherwise misused. Nor does she allege that they were compromised by a data breach, identity theft or other unauthorized disclosure. Cases involving collection and retention of personally identifiable information reject Article III standing absent these types of circumstances notwithstanding any statutory noncompliance. *See Spokeo*, *Sterk*, *Padilla*, *supra*. Numerous federal courts also have refused to recognize Article III standing in similar data privacy cases subsequent to the Supreme Court decision in *Spokeo*.[2]

### B. Plaintiff Is Not a Person "Aggrieved" by the Alleged Violation of BIPA

Apart from lack of Article III standing, the claims for damages and injunctive relief under BIPA in Counts I and II of the Complaint should be dismissed for lack of statutory standing and failure to state a claim. A right of action under BIPA requires Plaintiff to establish more than a statutory violation. Plaintiff must also demonstrate that she was "*aggrieved by a violation of the Act*." 740 ILCS 14/20 (emphasis added). In the context of statutory standing, the plain and ordinary meaning of "aggrieved" requires some injury. [D.E. 13 at 6–11.] Where "aggrieved" is not defined in a statute, courts interpreting the term have likewise held that a plaintiff must demonstrate an injury resulting from the alleged statutory violation. [*Id*.] In this case, however, nowhere does Plaintiff allege any injury making her an "aggrieved" person, and her arguments to the contrary do not save the BIPA claims.

#### 1. "Aggrieved" Does Not Impose a Heightened Injury Requirement or Equate with Actual Damages

Contrary to Plaintiff's assertion, Smarte Carte does not contend that the term "aggrieved" reflects "a heightened injury requirement" or demands "a showing of actual damages." (Resp. at

---

[2] By contrast, the decisions cited by Plaintiff involved laws that violated fundamental privacy rights guaranteed under the Constitution, which have no application here. *Griswold v. Connecticut*, 381 U.S. 479, 486 (1965) (plaintiffs convicted under statute prohibiting use of contraceptives had standing to challenge whether statute violated constitutional right to marital privacy); *Quilici v. Morton Grove*, 695 F.2d 261, 279–80 (7th Cir. 1982) (discussing Fifth Amendment protections against government intrusion into sanctity of one's home in connection with constitutionality of gun control ordinance).

9–11.) Rather, "aggrieved" is synonymous with an "injury" separate and apart from a technical statutory violation, which under some circumstances could be harm that cannot be measured in terms of "actual damages" (*e.g.*, time, money and effort monitoring financial information in the event of a data breach, identity theft or other unauthorized disclosure). This is why Section 20 allows a person to recover the greater of "liquidated damages … or actual damages" if they are "aggrieved by a violation of the Act." 740 ILCS 14/20 (1) and (2).

In this case, however, Plaintiff does not allege any injury that would render her "aggrieved" under BIPA in a manner sufficient to support recovery of actual or liquidated damages. 740 ILCS 14/20. Plaintiff instead argues that she is aggrieved because:

> [S]he had a legal right to BIPA protections that include the right to receive certain disclosures and information from Defendant .… When Defendant denied to Plaintiff the required disclosures and information, and unlawfully collected her Biometrics, it violated that right, impaired the interest, and left her aggrieved.

(Resp. at 9.) Plaintiff is not complaining that she was aggrieved <u>by</u> a violation of BIPA in terms of suffering some harm, loss or injury. Instead, Plaintiff is improperly complaining of a technical violation—that she is aggrieved <u>because</u> of a violation of the Act even though she suffered no injury. Allowing a right of action under these circumstances is improper because it would conflate "aggrieved" with "by a violation of the Act" and, thereby, render the term "aggrieved" meaningless and superfluous. *See People v. Trainor*, 196 Ill. 2d 318, 332, 752 N.E. 2d 1055, 1063 (2001) ("[Statutory language] cannot be read in a fashion that would render other words or phrases meaningless, redundant or superfluous.").

Plaintiff's argument, moreover, has been rejected by the Seventh Circuit in *Sterk* and District Court Judge Dow in *Padilla*, and her attempt to distinguish these decisions is unavailing. (Resp. at 9–11.) Indeed, both cases involved similar legal rights and protections where personally identifiable information was improperly retained in violation of data privacy statutes.

The statutes likewise used the word "aggrieved" in connection with a right of action, including the Video Privacy Protection Act (18 U.S.C. § 2710(c)(1) ("Any person *aggrieved by any act of a person in violation of this section* may bring a civil action …") (emphasis added)) in *Sterk* and the Satellite Home Viewer Extension and Reauthorization Act (47 U.S.C. § 338i(7) ("Any person *aggrieved by any action of a satellite carrier in violation of this section* may bring a civil action …") (emphasis added)) in *Padilla*.

The respective courts in both cases concluded that dismissal was proper, holding that the plaintiffs were not "aggrieved" because they did not plead any injury or other harm resulting from the alleged unlawful retention of personally identifiable information in violation of the statute. The same result is warranted here. *Sterk*, 672 F.3d at 538–39 (unlawful retention of personally identifiable information in violation of VPPA does not constitute an injury demonstrating plaintiff was "aggrieved" by violation of the statute); *Padilla*, 2013 WL 3791140, at *4–5 (plaintiff not "aggrieved" by unlawful retention of personally identifiable information in violation of SHVERA).[3]

Again, that Plaintiff alleges her biometrics were improperly collected, and that she thereby suffered some purported "informational injury" different from that resulting from unlawful retention of the same personally identifiable information, is not a material distinction. Moreover, in addition to *Stark* and *Padilla*, Smarte Carte cited to other cases involving bare procedural violations of statutes requiring the provision of information requested by a plaintiff. *See Williams v. Merle Pharmacy, Inc.*, 2015 WL 6143879, at *4–5 (C.D. Ill. Oct. 19, 2015) (plaintiff who did not receive payroll information in accordance with Illinois Wage Payment and

---

[3] Plaintiff contends that *Sterk* was based on "a technical issue of statutory construction." (Resp. at 9–10.) However, as District Court Judge Dow explained in *Padilla*, the Seventh Circuit in *Sterk* "concluded that the allegation of unlawful retention did not state a claim for damages for two reasons: (1) the structure of the VPPA and (2) the absence of actual damages from the defendant's retention of the plaintiff's personal information without disclosure." 2014 WL 539746, at *4. The second reason is applicable here.

- 10 -

Collection Act not "aggrieved" by a technical violation of the statute); *see also Diedrich v. Ocwen Loan Servicing, LLC*, 2015 WL 1885630, at *10 (E.D. Wis. Apr. 24, 2015) (plaintiffs not "aggrieved" persons within the meaning of a Wisconsin statute concerning mortgage broker misconduct when they could not show any damages caused by defendant's failure to respond to statutory request for information in compliance with statute).

Plaintiff's criticism of Smarte Carte for relying upon federal court cases interpreting "aggrieved" under federal statutes is unwarranted. (*See* Resp. at 9–11, 14 n.13.) First, Smarte Carte previously acknowledged that there are no reported decisions interpreting "aggrieved" for purposes of BIPA. [D.E. 13 at 7.] Second, Plaintiff overlooks the Illinois statutes cited by Smarte Carte that likewise define "aggrieved" to require an injury separate and apart from the statutory violation. 775 ILCS 5/1-103(B) ("'Aggrieved party' means a person who is alleged or proved to have been *injured* …") (emphasis added); 70 ILCS 405/3.20 ("'Aggrieved party' means any person whose property, resources, interest or responsibility is being *injured* or impeded in value or utility …") (emphasis added).

Third, the data privacy decisions in *Sterk* and *Padilla*, as well as the other cases relied upon by Smarte Carte, are more analogous and instructive than the string of older cases cited by Plaintiff. Moreover, none of the cases relied upon by Plaintiff supports her argument because they all involved an unrelated issue of whether a person is "*prejudiced or aggrieved*" for purposes of the right to appeal a judicial or administrative ruling. *In re Estate of Harmston*, 10 Ill. App. 3d 882, 886, 295 N.E. 2d 66, 68 (3rd Dist. 1973). Importantly, however, BIPA does not include the term "prejudice," and, standing alone, "aggrieved" in the context relied upon by Plaintiff simply means "having a substantial grievance; a denial of some personal or property right." *Id.* Plaintiff does not allege the denial of any personal or property right aside from a bare procedural violation of BIPA. *See also Glos v. People*, 259 Ill. 332, 340–44, 102 N.E. 2d 763,

766 (1913) (dismissing appeal because non-party not aggrieved by foreclosure proceedings); *Am. Surety v. Jones*, 384 Ill. 222, 229–30, 51 N.E. 2d 122, 125 (1943) (insurance companies not aggrieved by order of Director of Insurance renewing competitor's license).

### 2. The Injury Requirement Does Not Render Liquidated Damages or Other Provisions of the Act Meaningless

Plaintiff contends that "restricting recovery under BIPA would contravene the statute's plain language and vitiate its purpose." (Resp. 12–14.) Specifically, Plaintiff argues:

> Had the legislature intended to limit BIPA recovery [sic] persons who suffer "actual damages" of a type Defendant is willing to recognize, it would have said so. Instead, BIPA refers to "actual damages" as an alternative measure of recovery.

(*Id.* at 12; *see also id.* at 14, n.14.). Contrary to Plaintiff's argument, Smarte Carte does not take the position that recovery is limited to those who suffer "actual damages." Rather, as demonstrated above, a right of action under BIPA is limited to persons who have suffered some injury—rendering them aggrieved by a violation of the Act—such that they are entitled to recover the greater of actual damages or liquidated damages of $1,000 (for negligent violation) or $5,000 (for intentional or reckless violation). 740 ILCS 14/20(1) and (2). However, the provision for liquidated damages does not thereby alter or remove the precondition that Plaintiff must be a person "aggrieved" by a violation of BIPA to have a right of action against Smart Carte because it is an express condition to such recovery based on the statutory structure of the Act. [D.E. 13 at 6–7; *see also*, *supra*, at 8–9.]

Plaintiff also argues that Smarte Carte's interpretation of "aggrieved" would "deprive recourse" for violations of Section 14/15(a) and (b), which contain the written consent and notice requirements. (Resp. at 12–13.) The same is true under SHVERA, yet District Court Judge Dow in *Padilla* nevertheless refused to allow the plaintiff to pursue a claim absent some injury resulting from the unlawful retention of personally identifiable information in violation of the

destruction of records provision in Section 338(i)(6) ("A satellite carrier shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected …"). In fact, the same would be true for every instance where a plaintiff in federal court cannot demonstrate some concrete harm under Article III from a technical violation of a statute. *Spokeo, supra*. The same also would be true with respect to any state or federal statute containing mandatory provisions, but limiting a right of action to violations resulting in some injury or actual damages. *Williams, Diedrich, supra*; *see also Doe v. Chao*, 540 U.S. 614, 624–26 (2004) (claimant not entitled to recovery under Privacy Act where he failed to show that he suffered actual damages as a result of the statutory violation).

### 3. Availability of Injunctive Relief under BIPA Does Not Excuse Proof of Actual Harm

Plaintiff further contends that her claim for injunctive relief "makes dismissal improper" because such relief "is available irrespective of actual damages." (Resp. at 14.) While BIPA does not "proscribe" injunctive relief, the statute does not make it automatically available either. Section 20 states in relevant part that a person aggrieved by a violation of the Act may recover "other relief, including an injunction, as the State or federal court *may deem appropriate*." 740 ILCS 14/20(4) (emphasis added). In addition, regardless of the availability of an injunction under BIPA, Plaintiff is not entitled to such relief because it is predicated upon Plaintiff demonstrating that she was "aggrieved by a violation of the Act," but she does not allege any harm, loss or injury under the circumstances of this case.

### 4. Any Remedy Available to Plaintiff for Violation of BIPA Would Be Injunctive Relief

Assuming *arguendo* that the Court were to find that Plaintiff has established Article III standing and determine that a person can be "aggrieved" for purposes of BIPA without any plausible allegations of harm, loss or injury, the only remedy available would be injunctive relief

under Section 20(4) of the Act. *See Padilla*, 2013 WL 3791140, at *5–6. Plaintiff cannot recover actual damages because she does not allege any harm, loss or injury. *Id*. at *4–5. Nor can she recover liquidated damages because, as in *Sterk*, "the only possible estimate of actual damages for violating [Section 14/15(a) or (b)] would be zero." 672 F.3d at 538. [*See also* D.E. 13 at 10–11.] Accordingly, if the Motion to Dismiss is denied as to Count II (injunctive relief), it nevertheless should be granted as to Count I (damages).

### C. Unjust Enrichment Is Not a Viable Cause of Action in This Case

Plaintiff contends that Smarte Carte "acknowledges that unjust enrichment is adequately pleaded if a predicate cause of action is adequately pleaded." (Resp. at 14–15.) Here again, nothing is further from the truth. Smarte Carte seeks to dismiss the claim for unjust enrichment in Count III of the Complaint because unjust enrichment is a theory of recovery rather than an independent cause of action; Plaintiff has an adequate remedy at law notwithstanding her inability to recover under BIPA in this case; and Plaintiff pleads that she received the benefit of the locker rentals and does not allege any detriment resulting from the purported BIPA violation. [D.E. 13 at 11–13.]

Plaintiff also contends that an unjust enrichment claim "would survive the pleading stage even if Defendant's BIPA arguments later prevail." (Resp. at 15.) Plaintiff is wrong. Where a claim for unjust enrichment is based on the same conduct underlying a statutory claim, as is the case here [D.E. 1 at ¶¶ 69–73], the plaintiff cannot recover for unjust enrichment if the statutory claim is dismissed. *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (adding that unjust enrichment "is not a separate cause of action that, standing alone, will justify an action for recovery"); *see also In re Dairy Farmers of Am., Inc., Cheese Antitrust Litig.*, 60 F. Supp. 3d 914, 970–71 (N.D. Ill. 2014) ("This claim is predicated on [defendant's] alleged statutory violations. Because the Court has concluded that a jury could not reasonably infer that

[defendant] was liable under these predicate statutes, Plaintiffs' claim for unjust enrichment under unspecified state laws perishes as well.").

Finally, Plaintiff contends that she has pled a detriment because she alleges that Smarte Carte did not obtain her written consent or provide certain notices in accordance with BIPA and that Smarte Carte made money from the locker rentals. (Resp. 15–16.) This contention fails for two reasons. First, that Plaintiff rented a locker without allegedly providing written consent or receiving disclosures concerning her biometrics is not the type of detriment recoverable under an unjust enrichment theory of recovery as a matter of law. *Cleary v. Philip Morris Inc.* is directly on point. 656 F.3d 511, 517–20 (7th Cir. 2011) ("[M]ere violation of consumer's legal right to know about product's risks, without anything more, cannot support claim that manufacturer unjustly retained revenue from product's sale to consumer's detriment."). Second, Plaintiff alleges that she received the benefit of a storage locker rental [D.E. 1 at ¶¶ 27–28], and she does not contend that Smarte Carte overcharged her, somehow deceived her or engaged in other misconduct that would render the retention of her payments contrary to fundamental principles of justice, equity and good conscience. *Cleary*, 656 F.3d at 517–20.

### III.  CONCLUSION

For all the foregoing reasons, and the reasons previously set forth in its supporting Memorandum of Law [D.E. 13] and Notice of Additional Authority [D.E. 17], Defendant Smarte Carte, Inc. respectfully requests the Court to grant its Rule 12(b)(1) and 12(b)(6) Motion to Dismiss [D.E. 11].

Dated:  July 18, 2016                                         Respectively submitted,

                                                              SMARTE CARTE, INC.

                                                              By:  /s/ Joseph A. Strubbe

          Joseph A. Strubbe
          Frederic T. Knape
          VEDDER PRICE P.C.
          222 N. LaSalle Street
          Chicago, IL 60601-1003
          (312) 609-7500
          jstrubbe@vedderprice.com
          fknape@vedderprice.com

*Counsel for Smarte Carte, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing **Defendant Smarte Carte, Inc.'s Reply in Support of Rule 12(b)(1) and 12(b)(6) Motion to Dismiss** was electronically filed with the Clerk of Court on July 18, 2016 using the CM/ECF system that will send notification of the filing to all parties of record.

By: /s/ Joseph A. Strubbe