IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ADINA MCCOLLOUGH, individually and on behalf of all others similarly situated, | ) ) ) Jury Trial Demanded |
| Plaintiff, | ) ) No. 16-cv-3777 |
| v. | ) ) Hon. Sharon Coleman |
| SMARTE CARTE, INC., | ) ) |
| Defendant. | ) |

### PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITY

In further support of Plaintiff's Response to Defendant's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss ("Response") (Dkt. #26), Plaintiff hereby notifies the Court of the recent decisions in *Thomas v. FTS USA, LLC*, No. 3:13-cv-825, 2016 U.S. Dist. LEXIS 85545 (E.D. Va. June 30, 2016); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 (11th Cir. July 6, 2016); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 (N.D. Ill. July 11, 2016); and *Stacy Rosenbach v. Six Flags Entertainment Corporation et al.*, 16 CH 13 (Cir. Court, Lake County, IL, June 17, 2016), and further states as follows:

1. Defendant's Rule 12(b)(1) and 12(b)(6) Motion to Dismiss ("Mot.") (Dkt. #11), its associated Memorandum of Law in Support ("Memo.") (Dkt. #13), and Defendant's Reply in Support of Rule 12(b)(1) and 12(b)(6) Motion to Dismiss ("Reply") (Dkt. #28) essentially set forth two arguments: 1) that Plaintiff has not been injured and therefore lacks Article III standing, and 2) that Plaintiff cannot recover under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA") because Plaintiff has not been "aggrieved". *See generally* Memo. and Reply.

2. Specifically, Defendant's arguments in its Reply rest heavily on the U.S. Supreme Court's recent decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), which was decided

during the briefing in this case. Defendant's arguments are predicated on misapplying what *Spokeo* actually says. While Plaintiff's Response explains why Defendant's arguments are inappropriate, several recent post-*Spokeo* decisions, with similar fact patterns to the instant proceeding, issued after Plaintiff filed her Response, confirm that Plaintiff does indeed have Article III standing and that Defendant's arguments here are misguided.

3. Additionally, a recent ruling by a Circuit Court for the Nineteenth Judicial Circuit, in Lake County, Illinois, in a substantially similar case, in which the plaintiff also alleged violations of BIPA due to the defendant's failure to make disclosures required under the act and obtain consent before taking fingerprints and biometrics, found that the plaintiff had in fact been aggrieved. In attempting to dismiss the claims in that case, the defendants there set forth nearly identical arguments to the ones Defendant makes at bar.

4. With respect to the cases addressing *Spokeo,* in *Thomas v. FTS USA, LLC*, No. 3:13-cv-825, 2016 U.S. Dist. LEXIS 85545 (E.D. Va. June 30, 2016), attached hereto as Exhibit A, the plaintiff alleged violations of the Fair Credit Reporting Act - that is, "violations of 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii), which require a disclosure and written consent from the consumer before a person may obtain a consumer report for employment purposes." *Id.* at *2. These are fundamentally the same type of allegations Plaintiff now makes; that she did not receive disclosures required by BIPA and that Defendant did not obtain written consent before taking her fingerprints and biometric information, as required by BIPA.

5. The defendant in *Thomas* subsequently argued that the plaintiff lacked standing for lack of injury, relying on *Spokeo* as the basis for its argument. *See id.* at *11. The *Thomas* Court rejected the very arguments Defendant makes in the instant matter, and confirmed that under *Spokeo* standing does exist pursuant to the facts pleaded there, which are like the facts pleaded

here. *See id.* at *11-37

6. Similarly, in *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 (11th Cir. July 6, 2016), attached hereto as Exhibit B, the Eleventh Circuit recently affirmed that under *Spokeo*, standing and injury in fact for purposes of standing, does exist when a disclosure required by statute is not made. *Id.* at *3-11.

> It is undisputed that the letter Accretive Health sent to Church did not contain all of the FDCPA's required disclosures. Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—i.e., "real"—injury because she did not receive the allegedly required disclosures. The invasion of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete.

*Id.* at *9-11.

7. Defendant's arguments regarding lack of standing have also been rejected in the post-*Spokeo* decision in *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 (N.D. Ill. July 11, 2016), attached hereto as Exhibit C. In *Lane*, just like in the instant matter, the plaintiff alleged that plaintiff did not receive disclosures required by statute, and the *Lane* Court found that this established standing. *See id.* at *5-16.

8. Finally, in *Stacy Rosenbach v. Six Flags Entertainment Corporation et al.*, 16 CH 13 (Cir. Court, Lake County, IL), similarly to the instant matter the plaintiff alleged that the defendants violated BIPA by collecting fingerprints and biometric information without obtaining consent as required by BIPA, and without making the disclosures required by BIPA. *See* Amended Complaint in *Rosenbach*, attached hereto as Exhibit D. The defendants in *Rosenbach* made a similar argument to that Defendant now makes, that BIPA requires one to be aggrieved to recover and that obtaining fingerprints and biometrics without the consent required by BIPA and without

the disclosures required by BIPA does not cause one to be aggrieved. *See* Memorandum in Support of Motion to Dismiss and Reply to Motion to Dismiss in *Rosenbach*, attached hereto as Exhibits E and F. The court in *Rosenbach* rejected the defendants' argument and denied the Motion to Dismiss with regard to BIPA. *See* Motion to Dismiss Hearing Transcript and Order on Motion to Dismiss in *Rosenbach*, attached hereto as Exhibits G and H.

WHEREFORE, Plaintiff respectfully requests the Court to accept and consider this additional authority in further support of why Defendant's Motion to Dismiss should be denied.

Respectfully submitted,

By: /s/ Mark A. Bulgarelli
Mark A. Bulgarelli, Esq.
Ilan Chorowsky, Esq.
PROGRESSIVE LAW GROUP, LLC
140 S. Dearborn Street, Suite 315
Chicago, IL 60603
Tel: (312) 787-2717

*Counsel for Plaintiff*

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 27th day of July 2016, the foregoing Plaintiff's Notice of Additional Authority was filed via the Court's CM/ECF system, which will send electronic notification to the attorneys of record at the e-mail addresses on file with the Court.

By: /s/ Mark A. Bulgarelli
One of the Plaintiff's Attorneys
